```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
SAID GSSIME,

                    Plaintiff,
                                            MEMORANDUM & ORDER
         -against-                          09-CV-5581 (JS)(ETB)

CORRECTION OFFICER BARTEN, CORRECTION
OFFICER ROMAN, DR. WATSON, NASSAU
COUNTY SHERIFF,

                    Defendants.
-------------------------------------X
APPEARANCES:
For Plaintiff:      Said Gssime, Pro Se
                    98A5384
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances
```

SEYBERT, District Judge:

Pending before the Court is the Complaint of pro se Plaintiff Said Gssime ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed in forma pauperis. For the reasons discussed herein, the application is GRANTED.

## BACKGROUND

Plaintiff alleges that "since I arrived on July 20, 2009 from Marcy Correctional Facility . . . I brought all my medical issues during my sick call to Dr. Watson in regard to my eyes and to fix my broken glasses." (Compl. ¶ IV.) Plaintiff

also alleges that he is suffering from a bone disease and has received inadequate medical attention, among other things. (Id. ¶ V.) In support of his claims, Plaintiff attaches a November 16, 2009 letter from Magistrate Judge Marian W. Payson, United States District Court, Western District of New York, to the Nassau County jail requesting that the Acting Sheriff of the Nassau County jail look into Plaintiff's medical problems.[1]

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

---

[1] According to the Complaint, Plaintiff also has an action pending in the United States District Court for the Western District of New York, 08-CV-6404.

II. <u>Application Of The Prison Litigation Reform Act</u>

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u>

It is axiomatic that the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally, see <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that <u>pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."), and construe it "'to raise the strongest arguments'" suggested. <u>Soto v. Walker</u>, 44 F.3d 169, 173 (2d Cir. 1995) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)). Moreover, at this stage of the proceeding,

3

the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint.

CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his in forma pauperis application annexed hereto. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the

4

appropriate courts sequentially if, as here, there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendants without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's statement, to the Plaintiff and the superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  4 , 2010
       Central Islip, New York