```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SAID GSSIME,

                         Plaintiff,

          -against-                        MEMORANDUM & ORDER
                                           09-CV-5581(JS)(ETB)
DR. WATSON, CORRECTION OFFICER BARTEN,
CORRECTION OFFICER ROMAN and NASSAU
COUNTY,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Said Gssime, pro se
                    98A5384
                    Gouverneur Correctional Facility
                    P.O. Box 480
                    Gouverneur, NY 13642

For Defendants
County, Barten,     Liora M. Ben-Sorek, Esq.
and Roman:          Peter A. Laserna, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501

Dr. Watson:         No appearances.
```

SEYBERT, District Judge:

Presently before the Court is a motion on behalf of Defendants Corrections Officer Barten ("Officer Barten"), Corrections Officer Roman ("Officer Roman"), and Nassau County (the "County," and collectively the "County Defendants") to dismiss pro se Plaintiff Said Gssime's ("Plaintiff") Amended Complaint. For the following reasons, the County Defendants'

1

motion is GRANTED and Plaintiff's claims against the County Defendants are DISMISSED WITH PREJUDICE.

BACKGROUND[1]

Plaintiff commenced this action December 21, 2009 against Dr. Watson and the County Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983"). His original Complaint ("Original Complaint") alleged constitutional violations arising out of Plaintiff's living conditions and access to medical care while incarcerated at the Nassau County Correctional Center ("NCCC"). More specifically, Plaintiff alleged that Dr. Watson and the County were deliberately indifferent to Plaintiff's medical needs (Org. Compl. at 4); Officer Barten harassed, falsely accused, and retaliated against Plaintiff (id. at 6); Officer Roman denied Plaintiff access to the law library and legal materials (id. at 7); and the County was deliberately indifferent to Plaintiff's living conditions at the NCCC (id. at 8).

The County Defendants subsequently moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Entries 30-32.) On February 16, 2012, the Court issued a Memorandum and Order (the "February Order") granting in part and denying in part the County Defendants'

---

[1] The following facts are taken from Plaintiff's Amended Complaint and the documents referenced therein and are presumed to be true for the purposes of this Memorandum and Order.

2

motion. (Docket Entry 48.) The Court denied Plaintiff's Section 1983 against Officer Barten because Plaintiff had alleged emotional distress without any physical injury. As such, the Court held that the Prison Litigation Reform Act ("PLRA") barred Plaintiff's claims for emotional injury without alleging the requisite physical injury. (Id. at 8.) The Court also dismissed Plaintiff's Section 1983 claims against Officer Roman because Plaintiff had failed to allege a constitutional violation against him. (Id.)

With respect to the County, the Court found that Plaintiff had failed to allege an Eighth Amendment claim regarding living conditions, but that Plaintiff had alleged a claim of medical indifference. (Id. at 10-14.) Finally, the Court held that Plaintiff's claims against Dr. Watson survived inasmuch as Dr. Watson had not appeared in the case. (Id. at 14-15.) The Court directed counsel to inform the Court whether Dr. Watson is an employee of Nassau University Medical Center ("NUMC") and granted Plaintiff leave to renew his Complaint.

Plaintiff filed an Amended Complaint on February 27, 2012. (Docket Entry 50.) On March 12, 2012, the County responded that it was unable to identify Dr. Watson. (Docket Entry 52.)

DISCUSSION

The County Defendants now move to dismiss Plaintiff's Amendment Complaint because it fails to remedy the deficiencies identified in the Court's February Order.

The Court first discusses the relevant legal standard and then considers the substance of the County Defendants' motion.

I. Legal Standard

To survive the motion, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007). A complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met his burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Moreover, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). This Court interprets Plaintiff's Amended Complaint to "raise the strongest arguments that they suggest." Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

II. Plaintiff's Claims against the County Defendants

To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130, 143 (1999).

A. Plaintiff's Claims against Officer Barten

Plaintiff makes several allegations against Officer Barten. He claims that Officer Barten threatened Plaintiff (Am. Compl. ¶¶ 10, 12), that Officer Barten announced to other

5

inmates that Plaintiff was an arsonist (id. ¶ 11), and that Officer Barten falsely cited Plaintiff for an infraction which resulted in Plaintiff's being sent to a different housing unit for a week (id. ¶ 13).

These are almost identical to the claims that Plaintiff raised in his Original Complaint and, as with the Original Complaint, Plaintiff has failed to allege any physical injury. Thus, for the same reasons asserted in the Court's February Order, Plaintiff's claims against Officer Barten are DISMISSED. (See Docket Entry 48 (citing 42 U.S.C. § 1997e(e); Yeldon v. Ekpe, 159 F. App'x 314, 316 (2d Cir. 2005).)

B. Plaintiff's Claims against Officer Roman

Plaintiff claims that Officer Roman denied Plaintiff access to the law library and legal materials and made derogatory comments toward Plaintiff.

The Court's February Order noted that Plaintiff had failed to allege a constitutional violation in the Original Complaint as against Officer Roman. (Docket Entry 48 at 8.) Rather than making such an allegation, Plaintiff repeats back the same allegations that he pled in his Original Complaint. "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse. Thus, mere allegations of verbal abuse do not rise to the level of a constitutional violation." Gill v.

6

Hoadley, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (internal citation omitted).

Moreover, Plaintiff has not alleged any actual harm as a result of being denied access to legal materials or the law library and therefore has not stated a claim. C.f. Avent v. New York, 157 F. App'x 375, 377 (2d Cir. 2005) ("an inmate can state a claim for denial of access to the courts where he alleges that the 'shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.'") (internal quotation marks and citation omitted).

Thus, Plaintiff's claims against Officer Roman are again DISMISSED.

## CONCLUSION

For the aforementioned reasons, the claims against Officer Barten and Officer Roman are DISMISSED.

In addition, a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court should deny leave when an amendment would be futile. See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010). The Court finds that any amendment here would be futile, as it has already once provided Plaintiff with an opportunity to amend. See Liner v. Goord, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000) ("When a plaintiff does not correct the defects in an initial pleading

7

through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice."). Accordingly, Plaintiff's claims against Officers Barten and Roman are DISMISSED WITH PREJUDICE.

Thus, Plaintiff's only remaining claims are those against the County for deliberate indifference of medical needs and his claims against Dr. Watson. Accordingly, the County is ORDERED to file a responsive pleading to the Amended Complaint on the sole remaining claim against it on or before April 8, 2013.

With respect to Plaintiff's claims against Dr. Watson, the County Defendants have thus far been unable to specifically identify a "Dr. Watson." (See Docket Entry 52.) Plaintiff is ORDERED to provide the Court and Defendants with any information regarding the specific dates and the approximate times that Plaintiff visited "Dr. Watson" at the NCCC and any other information relevant to potential identification of Dr. Watson. If Plaintiff fails to provide this information on or before April 22, 2013, his claims against Dr. Watson will be dismissed. If Plaintiff does provide such information, within fourteen (14) days of receipt of the information, defense counsel shall provide contact information for her so that the Marshals Service may attempt to re-serve process, or provide a sworn affidavit informing the Court that a Dr. Watson cannot be identified.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate Barten and Roman as Defendants in this action and mail a copy of this Order to pro se Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   March   19  , 2013
         Central Islip, New York