UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SAID GSSIME,                                                                  CV-09-5581 (JS) (ETB)

                            Plaintiff,                              ANSWER TO
                                                 AMENDED COMPLAINT
      - against -

DR. WATSON, OFFICER BARTEN,
OFFICER ROMAN and NASSAU
COUNTY,

                             Defendants.
-------------------------------------------------------X

       Defendant, Nassau County, by its attorney John Ciampoli, Nassau County Attorney, by Peter A. Laserna, Deputy County Attorney, responds to the Complaint as follows:

## AS AND FOR AN ANSWER TO
## JURISDICTION AND VENUE

       1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and respectfully refers all questions of law to the court.

       2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and respectfully refers all questions of law to the court.

## AS AND FOR AN ANSWER TO
## PARTIES

       3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

       4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

       5. Denies the allegations contained in paragraph 5 of the Complaint.

       6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint and respectfully refers all questions of law to the court.

## AS AND FOR AN ANSWER TO
## FACTS

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

## AS AND FOR AN ANSWER TO
## DEFENDANT NO. 2 OFFICER BARTEN

10. Denies the allegations contained in paragraph 10 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 10 is no longer a defendant.

11. Denies the allegations contained in paragraph 11 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 11 is no longer a defendant.

12. Denies the allegations contained in paragraph 12 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 12 is no longer a defendant.

13. Denies the allegations contained in paragraph 13 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 13 is no longer a defendant.

## AS AND FOR AN ANSWER TO
## DEFENDANT NO. 3 OFFICER ROMAN

14. Denies the allegations contained in paragraph 14 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 14 is no longer a defendant.

15. Denies the allegations contained in paragraph 15 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 15 is no longer a defendant.

16. Denies the allegations contained in paragraph 16 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 16 is no longer a defendant.

17. Denies the allegations contained in paragraph 17 of the Complaint and further notes that pursuant to your Honor's Memorandum & Order dated March 19, 2013, docket entry 57, the individual referred to in paragraph 17 is no longer a defendant.

## AS AND FOR AN ANSWER TO
## DEFENDANT NASSAU COUNTY

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

**AS AND FOR AN ANSWER TO**
**NASSAU COUNTY GRIEVANCE PROCEDURE**

22. Denies the allegations contained in paragraph 22 of the Complaint.

**AS AND FOR AN ANSWER TO**
**RELIEF SEEKING PREVAILED ON THE AMENDED COMPLAINT**

23. Denies the allegations contained in paragraph 23 of the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR COUNTY DEFENDANTS' FIRST AFFIRMATIVE DEFENSE**

24. Plaintiff's Complaint and each and every claim set forth therein, fails to state a claim upon which relief can be granted.

**AS AND FOR COUNTY DEFENDANTS' SECOND AFFIRMATIVE DEFENSE**

25. The alleged acts or omissions of the named Defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of respondent superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

**AS AND FOR COUNTY DEFENDANTS' THIRD AFFIRMATIVE DEFENSE**

26. The actions complained of herein were in full accord with the applicable law.

**AS AND FOR COUNTY DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE**

27. Nassau County has not violated Plaintiff's Constitutional and statutory rights.

**AS AND FOR COUNTY DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE**

28. That at all times herein mentioned and mentioned in the complaint, the correction officers, and/or agents, servants or employees of the Defendant County of Nassau, having

anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each police officer, peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with the Plaintiff were performed in good faith, without malice, and with reasonable and proper cause.

### AS AND FOR COUNTY DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

29. Punitive damages may not be recovered against Nassau County as a matter of law.

### AS AND FOR COUNTY DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff has failed to exhaust his administrative remedies.

### AS AND FOR COUNTY DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

31. The County of Nassau, its agencies, departments and employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

### AS AND FOR COUNTY DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

32. That should Plaintiff recover damages as a result of a finding of liability in whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage.

### AS AND FOR COUNTY DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

33. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent reckless and/or wrongful conduct of the Plaintiff without any negligence, reckless and/or wrongful conduct of the Defendant Nassau County, its agents servants or employees contributing thereto.

**AS AND FOR COUNTY DEFENDANTS'**
**ELEVENTH AFFIRMATIVE DEFENSE**

34. Plaintiff has not complied with Sections 50-e, 50-i or 50-h of the New York State General Municipal Law.

WHEREFORE, Nassau County respectfully requests that the Complaint be dismissed in its entirety and with prejudice and that this Court should grant such other and further relief as it deems just and proper.

Dated: Mineola, New York
April 3, 2013

JOHN CIAMPOLI
Nassau County Attorney
One West Street
Mineola, New York 11501

By:  /s/
Peter A. Laserna
Deputy County Attorney
(516) 571-3014
Attorneys for Nassau County

To: Said Gssime (Plaintiff *pro se*)
DIN # 98-A-5384
Coxsackie Correctional Facility
11260 Route 9W
P.O. Box 200
Coxsackie, New York 12051-0200