UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------X

SAID GSSIME,

              Plaintiff,

    -against-

DR. WATSON, OFFICER BARTEN,
OFFICER ROMAN, and NASSAU
COUNTY.

              Defendants,

------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 19 2013 ★
LONG ISLAND OFFICE

CV-09-5581(JS)(ETB)

REPLY AFFIDAVIT AND
MEMORANDUM OF LAW.

RECEIVED
APR 19 2013

    Plaintiff Said Gssime will attempt in his "Reply Affidavit" to respond to defendants Attorney Answer to Plaintiff Amended Complaint as follows :

    1. As to defendants Answer to juridiction and Venue, he based his Information on "Hearsay" and did not present any evidence in Support of his denial to the allegations in the Complaint.

    2. Defendants Attorney did not Submit any evidence based on law and facts to the allegations Contained in paragraph 2, and he Respectfully refers all Questions of Law to the Court, Counsel fof Defendants failed to Answer Questions of law personally without directing them to the Court .

    3. As for an Answer to parties Questions No. 3,4,5,6,.Mr.Peter Laserna relied on the word "Denied"as he has always done in the Past without Supporting his oppositions,and therefore should be rejected by the court

    4. Unfortunately Counsel for defendants failed to respond

1.

# TABLE OF AUTHORITIES CITED

**CASES**                                                                 **PAGE NUMBER**

Caizzo v. Koreman, 581 F.3d 63(CA 2 NY 2009)..................................9

Estelle v. Gamble, 429 U.S.97, 97 S.Ct285(1976)...............................6

Farmer v. Brennan,511 U.S.825,837,114 S.Ct (1970).............................7

Harding v. Kuhlman at ,588 F.Supp 1315(SDNY 1984).............................6

Higgins v. Bayer,293 F.3d 683 C.A.3 N.J.(2003)................................8

Hathaway v. Coughlin,37 F.3d 64,66(2nd Cir.1994)..............................9

Lightfoot v. Walker,486 F.Supp 504,516-17(S.D.Ill)............................7

Occoquan v. Barry, 717 F.Supp at 867(D.N.M.1986)..............................7

Todaro v. Ward,431 F.Supp .1129(SDNY 1977)....................................6

Toussaint v. McCarthy, 801 F.2d at 1111-1....................................7

Walker v. Benjamin, 293 F.3d 1030(CA 7 Ill.2002).............................9

Wilson v. Seiter,501 U.S.294,304, 111 S.Ct (1991)............................8

**STATUTES AND RULES**

Corrections Law Section 70.................................................4-9

Judicial Intervention......................................................5-7

Eighth Amendment Claims....................................................8-9

Fourteenth Amendment Claims..................................................9

Relief Under 42 U.S.C 1983...................................................8

to all Amended Complaint and refers them respectfully to the Court to examine the Questions of Law ,since there is a Questions Of law in the Sky of his Intelligent mind ,he could see no Such Evidence on hand ,and simply relied on the word "Denies"because there is no evidence to demonstrate that plaintiff established Constitutional Rights were not been violated .

5. As and for an Answer to Facts related to paragraph No.8 he Simply denied the allegations in the Complaint despite the Convincing evidence of Block s Inmates who have witnessed all the The events in the Complaint ,and Despite the Judicial Intervention Of the Magistrate Judge HOn. Marion Payson of the Western District Court of New York whom wrote a personal letter requesting from the acting Sheriff MIcheal Sposado to interven in the violations of plaintiff Constitutional Rights to gain access to Emergency medical needs unfortunatelly without Concerns on the part of the Nassau County acting Sheriff Sposado when he deliberately ignored The needs of the Inmate health in his Custody ,which a deliberate Indifferences .

6. Counsel for defendants failed to support his oppositions when he relied on the easy word of "Denies" he denied all the allegations in the Complaint which are based on facts and convin-cing , "Indisputed "evidence ,and by law should be rejected as it appear meritless in its real nature ,the Counsel for defendants have not supported his oppositions and simply because there is no

3.

evidence to support his opposition.

7. Counsel for defendants is attempting to strip plaintiff of his established legal rights and relied on the Court to Support his meritless Opposition because plaintiff is in the Custody of the State of New York he have a right to reasonable and adequate medical care .The duty to provide this care is imposed on the State by the Federal and State Constitutions ,and by the New York State Legislature .The Federal Courts have held that if an employee or agent of the Department of Correctional Services is deliberately Indifferent to your Serious medical needs,he or she has violated your Eighth Amendment right to be free from cruel and unusual punishment ,see Corrections Law Section 70 Imposes a duty on the Department of Correctional Services to Operate its prisons with due regard for the health and safety of each prisoner in its Custody .

8. The State Courts ,like the federal Courts ,have stated that before they will order DOCS to provide treatment ,a prisoner must show that there has been deliberate indifference to a serious medical need.

9. In the instant Civil Right Complaint plaintiff needed his emergency Medical attention for a serious Seizure attack multiple time in which he sustain head injury ,back and knees injury and was bleeding regardless he was denied access to emergency medical need ,Inmates have witnessed these events furthermore most inmates are willing to come to Court and tell what they have witnessed . Plaintiff was deprived of all his rights ,his medications for dibetes ,pain and Seizure were Confiscated on July 20, 2009 ,and his vision glasses were intentionally Destroyed and denied access to see an eye Doctor to receive a new glasses ,he was called almost Six months later ,the day he was discharged to go back to his prison Facility that wasnt just a deprivations of rights but an atrocity and hate crime.

10. There was no need to order plaintiff to come back to the same prison Facility in which he was extremely tortured from 1997 until 1998 other than Retaliation for filing a civil Rights Complaint in 2006 against the 16 Officers who had caused plaintiff irreparable injuries , Plaintiff has not violated any Order of Protection which was permanent and valid until 2026....

11. when plaintiff was deprived of all life necessities other than food,he requested Judicial intervention from Hon. Magistrate Judge to inform the Nassau County Officials for the deliberate negligence of Dr. Watson and the unability to receive medical emergency and Serious medical needs Her Honor , Judge Marion Payson wrote a letter to Acting Sheriff Micheal Sposato ,regardless of judicial Intervention the Nassau County Official and Dr. Watson have refused to provide Plaintiff access to his Serious medical needs.

12. Nassau County and its Dr. Watson has violated plaintiff s Constitutional and Statutory Rights , all the defendants were strictly "RACISTS" committed a Hate Crime ,they performed their duty in bad faith and with malice ,and with Intention to cause plaintiff serious harm.

13. Plaintiff had exhaust all the administrative remedies available at that Time . the above defendants acted contrary to their official duty and therefore they are not immune from liability ,they acted under a color of State law and have deliberately acted with malice to deprive plaintiff of his serious medical needs to cause him a degenerative and irreparable health Condition.

14.  Counsel for defendants answer to plaintiff s Amended Complaint is meritless and senseless and without any Supporting evidence and should by law be rejected in its entirely , all defendants were guilty of their Criminal acts against the Plaintiff and therefore they are responsible for the physical and mental and emotional damages they have deliberately caused plaintiff .

5.

15. Dr. Watson and acting Sheriff Micheal Sposato are certainly responsible and liable for their hate crime , they both works for the Nassau County , and for these The Nassau County is responsible .

In Estelle the Court ruled that deliberate indifference can be manifested by a Doctor s refusal to admibiter "Administer " needed treatment , by a prison guard Intentionally denial or delay in granting an inmate access to medical care , or Intentional interference with prescribed treatment . and that s what has exactly Happened to plaintiff his medications were Confiscated , and access to his serious medical needs were denied . Estelle 429 U.S. at 104-05 ,S.Ct at 97 , S.Ct 291-92

16. The Second Circuit has articulated its interpretation of Estelle s Deliberate Indifferences Standard , and in Todaro v. Ward 431 F. Supp .1129 (SDNY 1977 ) Hon. Judge Ward ruled that there are two categories of Deliberate Indifference " Denial or unreasonable delayed " access to a physician for diagnosis and treatment and " Failure to administer treatment prescribed by a physician, Todaro , 431 F. Supp at 1129 , 1132 -33 .

17. In the instant case before this Court the plaintiff did not received any Kind of medical needs , his medication which was prescribed by The Doctors at Marcy Correctional Facility were intentionally been confiscated and his glasses were intentionally been cruched by a prison guard .

18. Hon. Judge Weinfeld for example , stated that deliberate indifference can be shown by intentional efforts to delay access to treatment,Complete denial of treatment or reckless or callous indifference to the safety of prisoners see Harding v. Kuhlman , at 588 F. Supp . 1315 ( S.D.N.Y. 1984) the policy was in the Instant Civil Rights Complaint unconstitutional when plaintiff was deprived of his rights to gain access to his Serious medical needs.

6.

19. If Dr. Watson was not qualified to diagnos plaintiff serious medical needs she should have atleast allow him access to outside medical attention In Toussaint v. McCarthy ,801 F. 2d at 1111-12 , medical technical assistant or registered Nurses and Inmates cannot "Lawfully render Services they are not Qualified for , See inmates of Occoquan v. Barry,717 F.Supp at 867 , medical technical assistants improper diagnoed and dispensed medications without adequate supervision .

20. Dr. Watson Simply refused to treat plaintiff ,and refused to allow him access to be examined by another Doctor ,and acting Sheriff Sposato  also have decline to respond to Hon. Judge Marion Payson judicial Intervention ,and have Deliberately refused to inform a qualified Dr. to take the proper measure, see Lightfoot v. Walker ,486 F. Supp ,504,516-17 ( S.D.Ill ) .
The Supreme Court of The United States specifically held that " Deliberate Indifference to serious medical needs of prisoners Constitutes the unnecessary and wanton infliction of pain" that the Eighth Amendment prohibits.

21. Plaintiff alleged violation of his Constitutional right to his Serious medical needs , because the defendants were informed of the Seriousness of Plaintiff s medical needs through five months period of the filing of greivances and the judicial intervention of a Federal Magistrate Judge Marion Payson ,they intentionally ignored plaintiff s medical problems ,the harm was clearly and Sufficiently Serious because plaintiff was covered with blood ,Coughing blood and unable to walk without other prisoners help, the defendants were aware of the medical Situation ,they simply wanted to see plaintiff Suffer or die....

22. Certainly the defendants are responsible for the harm they caused ,because they were informed ,they knew and disregards an excessive risk to plaintiff health and safety , See in Farmer v. Brennan 511 U.S. 825 ,837 ,114 S.Ct 1970.

and in Wilson v. Seiter ,501 U.S. 294,304 ,111  S.Ct .2321, 2326 ,115 L.Ed 2d 271 (1991) The deprivation of Plaintiff established rights to medical need is beyond a reasonable doubt , failure to provide medical Coverage when no Drs. was present Could Constitute deliberate indifference 446 U.S.14 (1980)

23. in addition to accepting the factual allegations of non-movant,the Court must determine whether ... under any reasonable reading of the pleadings Plaintiff may be entitled to relief .. since this is a 1983 action ,plaintiff is entitled to relief if the Complaint sufficiently alleges a deprivation of any right secured by the Constitution ...we do not inquire whether plaintiff will ultimately prevail ,only whether he is entitled to offer evidence to Support his Claim , the Rule 8 Standard of liberally Construed pleading is expanded in a case of a pro se litigant ,so that "... a pro se Complaint ,however inartfully pleaded must be held to less stringent , Higgins v. Bayer 293 F.3d 683 C.A. 3 N.J. 2003)

### PLAINTIFF IS ENTITLED TO RELIEF UNDER 42 U.S.C.1983

24. Plaintiff is entitled to relief under 1983 if his Complaint alleges" " a deprivation of any right secured by the Constitution " in the Instant case Plaintiff has made allegations of Violations of the Eighth and Fourteenth Amendments right

### EIGHTH AMENDMENT CLAIMS

25. It is well settled that the Eighth Amendment s Cruel and unusual punishment Clause prohibits " The deliberate Indifference to [ prisoners] Serious medical needs" In the Instant Civil Rights violation the defendants are

8.

Liable for an Eighth Amendment violation when they knew and disregarded the risk of harm to plaintiff of which they were aware
for purposes of prisoner s deliberate indifference claim under the Eighth Amendment ,the deprivation suffered by the prisoner must be objectively Sufficiently serious ,that is , it must result in the denial of the minimal Civilized measure of life s necessities ,due to the interference of the Defendants ,plaintiff today is permanently disabled ,unable to perform any Kind of physical labor , the denial of medical treatment ,as alleged inplaintiff Complaint resulted of degeneration ,and in a worsening of plaintiff medical Conditions see in Walker v. Benjamin 293 F. 3d 1030 ( CA 7 Ill 2002).

## FOURTEENTH AMENDMENT

26. the defendants are liable for a fourteenth Amendment violation... if they knew and disregards a risk of which they were aware Caizzo v. Koreman , 581 F. 3d 63 (CA 2 NY 2009) this matter was sufficiently serious deprivation that was a Condition of urgency and which produced degeneration and permanent disability and daily extreme pain and Suffering.
see ,the matter of Hathaway v. Coughlin 37 F. 3d 63 ,66 ( 2nd Circuit 1994) this State of mind required that prison officials know facts from which the inference Could be drawn that a Substantial risk of serious harm exists,
The serious medical deprivation and State of mind tests apply both to delayed or denied access Claims and to inadequate medical care Claims.

## CORRECTIONS LAW SECTION 70.

27. Because plaintiff is in Custody of the State of New York ,he have right to reasonable and adequate medical care,the duty to provide this care is imposed

9.

on the State by the Federal and State Constitutions and New York State legislature and because of these Constitutional violations, I became useless in work force defendants have destroyed my health potential for life..

I am the plaintiff unemployed in prison where work is mandatory, and because of my permanent disability, I will not be able to work while free.

WHEREFORE, Counsel for defendants Answer to Amended Complaint is meritless Senseless and without any Supporting evidence and should be rejected by law in Its entirely, Plaintiff respectfully requests that this matter go to trial or in the events a discovery process should be permitted by the Court, and this Court should grant the relief Sought to the deprived and to the injured and grant any further relief as it deems just and proper.

Dated : April 8, 2013
Coxsackie, New York

Plaintiff's Signature

*SISSIME*

SAID GSSIME - Pro Se
DIN#: 98-A-5384
Coxsackie Correctional
Facility PO BOX 999
Coxsackie, New York 12051

To : JOHN CIAMPOLI
Nassau County Attorney
One West Street
Mineola, New York 11501

s/ Peter A. Laserna
Deputy County Attorney
Attorneys for Nassau County

10.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SAID GSSIME,

                     Plaintiff,

      -against-

DR. WATSON.OFFICER BARTEN,

OFFICER ROMAN, and NASSAU
COUNTY.

----------------------------------------X

CV-09-5581(JS)(ETB)

REPLY AFFIDAVIT, AND
MEMORANDUM OF LAW

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                      ) SS:
COUNTY OF GREENE )

I, Said Gssime the Plaintiff in the above Civil Rights action, being duly sworn deposes and says:

1. That I am over the age of 18, and reside at Coxsackie Correctional Facility PO BOX 999, Coxsackie New York 12051-0999

2. This is a reply to the Attorney for defendants, Nassau County Attorney by Peter Laserna Deputy County Attorney.

3. That on April 8, 2013 I have served a "Reply Affidavit" to the Defendants Counsel answer to Plaintiff Amended Complaint Upon the Followings party:

        JOHN CIAMPOLI
        Nassau County Attorney
        One West Street
        Mineola, New York 11501
        s/ Peter A. Laserna

By depositing a true Copy Of Plaintiff s Reply, in a post pre-

1.

Paid Wrapper in the Custody of the United States Postal Services at Coxsackie Correctional Facility Post Office ,directed to the above address designated by them for such purpose.

Executed :On the 8th day of April 2013
_____

                                          Plaintiff's Signature
                                          */s/ Gssime*
                                          SAID GSSIME DIN#:98-A-5384
                                          Coxsackie Correctional
                                          Facility ,PO BOX 999
                                          Coxsackie,New York 12051

CC: United States District Court Clerk

    100 Federal Plaza .PO BOX 9014
    Central Islip ,New York 11722-9014



COXSACKIE CORRECTIONAL FACILITY
P.O. BOX 999
COXSACKIE, NEW YORK 12051-0999

NAME: SAID GSSIME    DIN: 98-A-[?]

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 19 2013 ★
LONG ISLAND OFFICE

PERSONAL AND CONFIDENTIAL
LEGAL MAIL

UNITED STATES DISTRICT COURT'S CLERK
100 Federal Plaza
PO BOX 9014
Central Islip, New York 11722-9014

049J82046518
$00.860
04/15/2013
Mailed From 12051
US POSTAGE