**EDWARD P. MANGANO**
County Executive



**JOHN CIAMPOLI**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
PHONE 516-571-2999/ FAX:  516-571-3058

April 29, 2013

Hon. Joanna Seybert
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

      Re:    <u>Said Gssime v. Dr. Watson, et al.</u>, CV-09-5581 (JS) (ETB)

Dear Judge Seybert:

      This office represents remaining County defendant, the County of Nassau and we write to the Court to respectfully request that Your Honor strike from the record Plaintiff's purported "Reply Affidavit and Memorandum of Law," filed under docket entry 63. Nassau County requests that Plaintiff's purposed reply pleading be stricken from the record since its contents are wholly "redundant, immaterial, impertinent, or scandalous..." Fed. R. Civ. P. 12(f).

      Nassau County makes this request on two grounds: (1) Plaintiff has failed to seek permission from the Court to file a reply to Nassau County's answer, as required by Fed. R. Civ. P. 7(a)(7); and (2) Nassau County's denials of the allegations contained in Plaintiff's complaint are completely proper under Fed. R. Civ. P. 8(b).

      First, Plaintiff has not made an application to the Court to file a reply pleading, as required by Fed. R. Civ. P. 7. Moreover, Plaintiff has failed to show "some reason" a reply pleading is needed in this action. <u>See e.g.</u>, <u>Bower v. Casanave</u>, 44 F. Supp. 501, 507 (S.D.N.Y. 1941). Plaintiff's reply affidavit seems to suggest that Nassau County's denials to the allegations contained in Plaintiff's complaint are somehow deficient. Plaintiff's reply repeatedly takes issue with the fact that Nassau County answer denies Plaintiff's allegations without supporting to evidence to support the denial. However, under Fed. R. Civ. P. 8(b), a defendant is only permitted to "admit or deny the allegations asserted against it by an opposing party," or to deny "knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b). Therefore, Plaintiff's reply contains objections to Nassau County's answer which are clearly redundant and immaterial.

1

      Moreover, there are several statements in in Plaintiff's reply which can be construed to be impertinent or scandalous. Paragraph 4 of Plaintiff's reply contains a nonsensical reference to the "sky of the intelligent mind" of the undersigned, which seems to be a sarcastic *ad hominem*. Similarly, paragraph 7 states that I am "attempting to strip plaintiff of his established legal rights and relied on the Court to Support his meritless Opposition." Plaintiff's purported reply only contains inappropriate personal attacks against the undersigned or improper legal arguments and citations to bolster the allegations in his complaint.

      For the foregoing reasons, Nassau County requests that the Court strike from the record Plaintiff's reply affidavit, docket entry 63, pursuant to Fed. R. Civ. P. 12(f).

      Thank you for your consideration of the instant request.

                                                        Respectfully submitted,

                                                        /s/
                                                    Peter A. Laserna
                                                   Deputy County Attorney

cc:      Said Gssime (via First Class Mail)
         DIN #  98-A-5384
         Coxsackie Correctional Facility
         P.O. Box 999
         Coxsackie, New York 12051-0999