UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAID GSSIME,

                        Plaintiff,                    **ORDER**
                                                                    CV 09-5581 (JS)(ARL)
      -against-

DR. WATSON, et al.,

                        Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The court is in receipt of *pro se* plaintiff's four-page "Motion to Compel Discovery and Enforce Penalties for Refusal to Produce the Proper Requested Documents," dated November 7, 2013 and "Motion to Compel Discovery and Enforce Penalties," dated November 11, 2013, and Defendant Nassau County's Response to the Motions.[1] Specifically, the plaintiff asserts that the Defendant Nassau County's production of documents was unnecessary, duplicative and employed deceitful legal tactics. Plaintiff concedes, however, that "I haven[']t of yet fully examined this load of unnecessary papers." Notably, in his "Reply to the Order" dated November 15, 2013, plaintiff admits that "[a]fter careful examination of all Documents requested under Discovery which was sent to plaintiff," he "obtained the true Identity of the Physician/Assistant," information he had previously sought. Plaintiffs' motions are denied.

      As a threshold matter, notwithstanding plaintiff's assertion that defendant Nassau County has been deceitful," plaintiff is required in the first instance to confer with defense counsel in an attempt to resolve discovery disputes prior to seeking court assistance. Given plaintiff's incarceration, the court understands the difficulty in placing a telephone call to defense counsel; however plaintiff can mail a letter to defense counsel in an attempt to resolve discovery disputes. Moreover, it is clear from defendant's response that Nassau County is willing to provide plaintiff with discovery and has urged the undersigned to direct plaintiff to contact defendant's office so that discovery disputes can be resolved prior to seeking judicial intervention. Finally, plaintiff is advised that prior to making an application to the court, he must conduct a careful review of all his records and documents. "Although *pro se* litigants must be afforded a certain amount of latitude, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat. Laboratory*, 487 Fed. Appx. 671, 672 (2d Cir. 2010) (citing *Caidor v. Onondaga Cnty.*, 617 F.ed 601, 605 (2d Cir.

---

[1] Pursuant to the undersigned's individual rules, parties are encouraged, when possible, to make discovery and other non-dispositive motions pursuant to Local Rule 37.3, which requires the parties to notify the court of a discovery dispute by letter not exceeding three pages in length. The plaintiff is encouraged to contact the *pro se* office if he requires any further explanation of the Rules.

2008)).  The plaintiff is encourage to contact the *pro se* office if he requires any further explanation of these procedures.

Defendant Nassau County is directed to serve a copy of this Order on the *pro se* plaintiff forthwith.

Dated:  Central Islip, New York  **SO ORDERED:**
        December 3, 2013

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge