```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAID GSSIME,

                    Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         09-CV-5581(JS)(ARL)
NASSAU COUNTY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Said Gssime, pro se
                    #98-A-5384
                    Gouverneur Correctional Facility
                    P.O. Box 480
                    Gouverneur, NY 13642

For Defendant:      Liora M. Ben-Sorek, Esq.
                    Peter A. Laserna, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

    Currently pending before the Court is defendant Nassau County's (the "County" or "Defendant") motion to strike pro se plaintiff Said Gssime's ("Plaintiff") Reply Affidavit. For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

    The Court presumes familiarity with the factual background of this case, which is detailed in the Court's March 19, 2013 Memorandum and Order (the "March 2013 Order," Docket Entry 57). Briefly, Plaintiff originally brought this action

against Correction Officer Barten, Correction Officer Roman, the County, and "Dr. Watson" (collectively, "Defendants").

In February 2012, the Court found that there were various deficiencies in the original Complaint and granted Plaintiff leave to amend. (See Feb. 16, 2012 Memo. & Order, Docket Entry 48.) Plaintiff filed an Amended Complaint on February 29, 2012. (See Am. Compl., Docket Entry 50.) On March 12, 2012, Defendants moved for partial dismissal of the Amended Complaint. (See Defs.' Mot. to Dismiss Am. Compl., Docket Entry 51.) In that motion, Defendants argued that Plaintiff had not corrected any deficiencies in his allegations against Officers Barten and Roman, and therefore those defendants should be dismissed with prejudice. (Defs.' Mot. to Dismiss Am. Compl. at 1-2.) Defendants did not specifically challenge the Amended Complaint insofar as it alleged a claim for deliberate indifference to Plaintiff's medical needs against the County. (Defs.' Mot. to Dismiss Am. Compl. at 2.)

In the March 2013 Order, the Court agreed with Defendants that Plaintiff had failed to state a claim against Officers Barten and Roman, and therefore dismissed the claims against them with prejudice. (See March 2013 Order at 7-8.) The Court also noted that neither Plaintiff nor the County had thus far been able to identify "Dr. Watson." (March 2013 Order at 8.) Accordingly, Plaintiff was ordered to provide the Court

and the County with additional information by April 22, 2013 to aid in identifying this individual. (March 2013 Order at 8.) Additionally, as the County had not contested Plaintiff's claim against it, the Court ordered the County to file a responsive pleading to the Amended Complaint on or before April 8, 2013. (March 2013 Order at 8.)

Both parties complied with the Court's directives; the County filed an Answer on April 3, 2013 (Cnty.'s Ans., Docket Entry 58) and Plaintiff provided additional information regarding Dr. Watson on April 9, 2013 (Docket Entry 60). Nonetheless, the County was unable to identify anyone working at the Nassau County Correctional Center ("NCCC") fitting the description of Dr. Watson, and the Court accordingly dismissed any claims against her without prejudice. (Docket Entries 61-62.)

On April 19, 2013, Plaintiff then filed a "Reply Affidavit" to the County's Answer. (Pl.'s Reply Aff., Docket Entry 63.) The County now moves to strike that Reply Affidavit pursuant to Federal Rule of Civil Procedure 12(f).

## DISCUSSION

The Court will first address the applicable legal standard on a motion to strike before turning the County's motion more specifically.

I. Legal Standard

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Resolution of a Rule 12(f) motion is left to the district court's discretion." E.E.O.C. v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). However, motions to strike are disfavored. See Illiano v. Mineola Union Free Sch. Dist., 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). "[T]o prevail on a Rule 12(f) motion to strike, the movant must show '(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.'" Lynch v. Southampton Animal Shelter Found. Inc., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quoting Roe v. City of N.Y., 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

II. The County's Motion to Strike

The County moves to strike Plaintiff's reply to the Answer on two grounds: (1) Plaintiff did not seek permission to file a reply as required by Federal Rule of Civil Procedure 7(a)(7), and (2) the County's Answer is proper under Federal

Rule of Civil Procedure 8(b). (Cnty.'s Mot. to Strike, Docket Entry 64, at 1.)

The County is correct on both grounds. First, Plaintiff must have obtained the Court's permission to file a reply to the Answer. See FED. R. CIV. P. 7(a)(7) ("Only these pleadings are allowed: . . . if the court orders one, a reply to an answer."). Second, the Answer is proper and the rules do not require that Defendant cite to evidence in its Answer. See FED. R. CIV. P. 8(b)(1)(A-B) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party.").

These arguments primarily indicate that the reply is immaterial or impertinent. See Lynch, 278 F.R.D. at 63 ("Immaterial matter is that which has no essential or important relationship to the claim for relief, and impertinent material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." (internal quotation marks and citation omitted)). However, the County has not indicated that any prejudice would result absent striking the reply. See Holmes v. Fischer, 764 F. Supp. 2d 523, 532 (W.D.N.Y. 2011) ("Rule 12(f) motions to strike are disfavored and not routinely granted, and it is the movant's burden to demonstrate prejudice by the inclusion of the alleged offending

5

material."); Metrokane, Inc. v. The Wine Enthusiast, 160 F. Supp. 2d 633, 642 (S.D.N.Y. 2001) ("To have redundant, immaterial or impertinent matters striken from a pleading, the defendant must demonstrate that . . . to permit the allegations to stand would result in prejudice to the movant." (internal quotation marks and citation omitted)).

The County has also argued that there are some statements in the reply that can be construed as scandalous. (Cnty.'s Mot. to Strike at 2.) Specifically, the County cites to paragraph four of Plaintiff's Reply Affidavit, in which Plaintiff discusses the "[s]ky of his [i]ntelligent mind" and paragraph seven of the reply, in which Plaintiff states that defense counsel is "attempting to strip plaintiff of his established legal rights and relied on the Court to [s]upport his meritless [o]pposition." (Pl.'s Reply Aff., Docket Entry 63, at ¶¶ 4, 7; see also Cnty.'s Mot. to Strike at 2.) While the Court disagrees with the County that the first statement is scandalous, it agrees that the second statement is scandalous and should be striken.

"Scandalous generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) (internal quotation

marks and citation omitted). As the County suggests, Plaintiff's statement regarding the "[s]ky of his [i]ntelligent mind" makes little sense, but it is hardly scandalous in the sense that it should be striken. In contrast, Plaintiff's direct personal attack on defense counsel is scandalous, and improperly suggests that counsel committed some wrongdoing in filing the Answer. Accordingly, the Court GRANTS the County's motion insofar as it seeks to strike the aforementioned portion of paragraph seven in Plaintiffs' Reply Affidavit. The County's motion is otherwise DENIED.

## CONCLUSION

For the foregoing reasons, the County's motion to strike is GRANTED IN PART and DENIED IN PART. It is GRANTED as to the portion of the Reply Affidavit that states that defense counsel is "attempting to strip plaintiff of his established legal rights and relief on the Court to Support his meritless Opposition." It is otherwise DENIED.

The County is directed to serve a copy of this Memorandum and Order on pro se Plaintiff and to file proof of service within fourteen (14) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  28 , 2014
       Central Islip, NY

7