UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SAID GSSIME,

                Plaintiff,

   -against-                                  MEMORANDUM & ORDER
                                                    09-CV-5581(JS)(GRB)
NASSAU COUNTY,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Said Gssime, pro se
                       The Bowery Mission Transitional Services
                       45-51 Avenue D
                       New York, NY 10009

For Defendant:      Lora M. Ben-Sorek, Esq.
                       Peter A. Laserna, Esq.
                       Nassau County Attorney's Office
                       One West Street
                       Mineola, NY 11501

SEYBERT, District Judge:

       Pro se plaintiff Said Gssime ("Plaintiff") commenced this action on December 21, 2009 alleging constitutional violations related to his living conditions and access to medical care during his incarceration at the Nassau County Correctional Center ("NCCC"). On August 12, 2014, Plaintiff moved to file a Second Amended Complaint in order to add "the true identity of Dr. Watson." (Docket Entry 114.) On December 16, 2014, Magistrate Judge Gary R. Brown issued a Report and Recommendation ("R&R") recommending that the motion be denied. (Docket Entry 120.) For

the following reasons, the R&R is ADOPTED in its entirety and Plaintiff's motion to amend is DENIED.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are detailed in the Court's March 19, 2013 Memorandum and Order. See Gssime v. Watson, No. 09-CV-5581, 2013 WL 1148874, at *1 (E.D.N.Y. Mar. 19, 2013). Plaintiff originally brought this action against Correction Officer Barten, Correction Officer Roman, "Dr. Watson,"[1] and Nassau County (the "County" and collectively "Defendants").

In February 2012, the Court found deficiencies in the original Complaint and therefore granted Plaintiff leave to amend. (See Feb. 16, 2012 Order, Docket Entry 48.) Plaintiff filed an Amended Complaint on February 29, 2012. (See Am. Compl., Docket Entry 50.)

On March 12, 2012, Defendants moved for partial dismissal of the Amended Complaint, (see Defs.' Mot. to Dismiss Am. Compl., Docket Entry 51), and the Court dismissed all of Plaintiff's claims against Defendants except for (1) his claim for deliberate indifference to Plaintiff's medical needs against Nassau County and (2) his claims against "Dr. Watson," who had not

---

[1] The Court presumes that Plaintiff used the name Dr. Watson in his Complaint as a pseudonym for a doctor whose identity was undetermined.

yet been identified. Gissime, 2013 WL 1148874, at *3. The Court also (1) ordered Plaintiff to provide the Court and Defendants with relevant information about "Dr. Watson" that could aid in her identification and (2) ordered Defendants to provide contact information for Dr. Watson upon receipt of the information from Plaintiff. Id. On April 9, 2013, Plaintiff filed a letter describing Dr. Watson as a white female physician's assistant in her early thirties. (Pl.'s April 3, 2013 Ltr., Docket Entry 60, at 1.) On April 17, 2013, Deputy County Attorney Peter Laserna wrote a letter explaining that he had identified two female physician's assistants who could potentially be "Dr. Watson." However, he expressed doubt that either individual was Dr. Watson because both physician's assistants were merely identified because they were female and both treated Plaintiff in July and August of 2009. (Def.'s April 17, 2013 Ltr., Docket Entry 61.) Upon receipt of the County's letter, the Court dismissed Plaintiff's claims against Dr. Watson without prejudice, but stated that the Court would entertain a motion to amend if Plaintiff discovered the identity of Dr. Watson during the course of discovery. (April 19, 2013 Order, Docket Entry 62.)

The case proceeded to discovery. (May 23, 2013 Order, Docket Entry 67.) On October 23, 2013, Plaintiff moved to compel the County to respond to his discovery demands, which included a request for photos of the "physician/assistant" who could be the

3

person Plaintiff identified in the Complaint as Dr. Watson. (Docket Entry 80.) Magistrate Judge Arlene R. Lindsay denied Plaintiff's request, reasoning that "[a]t this juncture, the claims against Dr. Watson have been dismissed by the district court, and it appears that the statute of limitations has run as those claims." (Docket Entry 82 at 2.)

In a letter dated January 22, 2014, Plaintiff advised the Court of his new address and asked the Court to "serve the true [Identity] of the so called Dr. Watson through the U.S. Marshall Service." (Docket Entry 92 (alteration in original).) Discovery subsequently closed on March 28, 2014 and on March 31, 2014 Plaintiff indicated he was ready for trial. (See Scheduling Order dated August 6, 2013; Mot. for Hearing "Readiness for Trial," Docket Entry 98.) The parties then filed proposed pretrial orders in the spring of 2014. (See Docket Entries 102, 105.)

On August 12, 2014 Plaintiff moved to file a Second Amended Complaint in an effort to replace Dr. Watson with the names of two physician's assistants--Dr. D. Kutcher and Dr. W. Kupec. (Mot. to Amend, Docket Entry 114 at 1.) The undersigned referred Plaintiff's motion to amend to Judge Lindsay on September 11, 2014. (Docket Entry 117.) Judge Lindsay then recused herself from the case on September 18, 2014 and the case was reassigned to Magistrate Judge Brown.

Judge Brown subsequently issued his R&R recommending that Plaintiff's motion be denied. Judge Brown reasoned that the statute of limitations had run with respect to Plaintiff's claims against Dr. D. Kutcher and Dr. W. Kupec, and Plaintiff could not show that his claims against the physician's assistants fell into an exception that could extend the limitation period. (R&R at 6-9.) As Judge Brown explained:

> Here, reading plaintiff's submissions to raise the strongest arguments they suggest, plaintiff's claims against the two individuals that he submits to be Dr. Watson are time-barred. The undersigned notes that before a discovery schedule was issued on this case, the Court entertained various motions regarding Dr. Watson, including a [motion for] default judgment against Dr. Watson, and court-assisted discovery of Dr. Watson. Yet, during this time pro se plaintiff failed to provide enough information to identify Dr. Watson besides race and gender--not to mention plaintiff's use of "Dr. Watson" to designate two people. Dr. Watson's acts took place in July 2009--five years before plaintiff's motion to file a second amended complaint. Therefore, his claims against Dr. Watson are time-barred.

(R & R at 8.)

Plaintiff has filed objections to Judge Brown's R&R. Plaintiff specifically argues that Court should not adopt Judge Brown's R&R and should allow him to file a Second Amended Complaint because: (1) the County has delayed this case by refusing to comply with its discovery obligations, and (2) at this juncture we now "know that Dr. Watson [sic] true name is Dr. D. KUTCHER, AND HER

5

Assistant Dr. W. KUPEC." (Pl.'s Obj., Docket Entry 122, ¶¶ 2-3.) Defendants did not file an opposition to Plaintiff's objections.

DISCUSSION

The Court will first address the standard of review before turning to Plaintiff's objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested

6

sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiff's Objections

As noted, Plaintiff claims (1) that the County has delayed this case by refusing to comply with its discovery obligations, and (2) Plaintiff should be allowed to amend his complaint because we now "know that Dr. Watson [sic] true name is Dr. D. KUTCHER, AND HER Assistant Dr. W. KUPEC." (Pl.'s Obj. ¶¶ 2-3.) The Court will liberally construe Plaintiff's arguments as arising under Federal Rule of Civil Procedure 15. So construed, Plaintiff asserts that the statute of limitations should not bar his claims against Dr. Kutcher and Dr. Kupec because his claims should relate back to the date Plaintiff filed his original

7

Complaint. The Court will therefore analyze Plaintiff's claim under Rule 15(c).

A. Rule 15(c)(1)(C)

Rule 15(c) provides the federal standard for relation back. For an amended complaint adding a new party to relate back to the date the original complaint under Rule 15(c)(1)(C), the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, <u>but for a mistake of identity</u>, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

<u>Hogan v. Fischer</u>, 738 F.3d 509, 517 (2d Cir. 2013) (emphasis and alterations in original) (quoting <u>Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466, 468-69 (2d Cir. 1995)). However, the Second Circuit has held that "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties . . . , but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." <u>Barrow</u>, 66 F.3d at 470. The Advisory Committee Notes to the 1991 Amendment to Rule 15(c)(3) explain that the type of "mistake" intended by the Rule

8

is a "misnomer or misidentification" of a party's name. FED. R. CIV. P. 15; see also Phoomahal v. Ridgehaven Vill., No. 04-CV-2083, 2007 WL 2292741, at *5 (E.D.N.Y. Aug. 9, 2007) (holding that lack of knowledge of a party's name was not the type of "mistake" contemplated by Federal Rule of Civil Procedure 15(c)(1)(C)). Here, the evidence suggests that Plaintiff used the name Dr. Watson as a pseudonym or placeholder because he did not know the name of the doctor he actually wished to sue. That much is apparent from Plaintiff's discovery requests and submissions seeking to identify Dr. Watson. Plaintiff therefore cannot meet the third prong on the test under Federal Rule of Civil Procedure 15(c)(1)(C) because he was not mistaken about Dr. Watson's identity--rather, he did not know Dr. Watson's true identity.

B. Rule 15(c)(1)(A)

An amendment can also be deemed to relate back to the date of the original complaint if "the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A). Here, the applicable three-year statute of limitations for a 1983 action is provided by state law. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."). Therefore we must look to New York State law to determine whether to allow

9

relation back in this case. Hogan, 738 F.3d at 518. The New York Civil Practice Law and Rules ("CPLR") contains a specific provision relating to claims against "John Doe" defendants. Section 1024 of the CPLR provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

"To take advantage of § 1024, a party must meet two requirements." Hogan, 738 F.3d at 519. First, the party must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and second "the party must describe the John Doe party in such a form as will fairly apprise the party that [she] is the intended defendant." Id. (internal citations and quotation marks omitted). Here, Plaintiff cannot meet the second prong of the test because he now seeks to add two separate individuals to this lawsuit even though he previously described Dr. Watson as a single individual in both his original Complaint and his Amended Complaint. Even Plaintiff's letter seeking discovery concerning the identity of Dr. Watson described her as a single person. Thus, Plaintiff's descriptions of Dr. Watson in the original Complaint and the Amended Complaint were insufficient to fairly apprise both Dr. Kutcher and Dr. Kupec that they could be defendants in this case. See Bumpus v. New York

City Transit Auth., 66 A.D.3d 26, 30, 883 N.Y.S.2d 99, 104 (2d Dep't 2009) (holding that "an insufficient description subjects the 'Jane Doe' complaint to dismissal for being jurisdictionally defective"); Lebowitz v. Fieldston Travel Bureau, Inc., 181 A.D.2d 481, 482, 581 N.Y.S.2d 302, 303 (1st Dep't 1992) (explaining that John Doe defendants must be "adequately described" such that they "would have known, from the description in the complaint, that they were the intended defendants" (quotation marks and citations omitted)).

Because Plaintiff cannot satisfy either test permitting relation back under Federal Rule of Civil Procedure 15, his objections are OVERRULED.

CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and the Court ADOPTS Magistrate Judge Brown's R&R in its entirety. Plaintiff's motion to amend (Docket Entry 114) is therefore DENIED. Defendant known as Dr. Watson is DISMISSED WITH PREJUDICE.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  24 , 2015
       Central Islip, NY